**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TOMMY CROSBY,**

                **Plaintiff,**                9:07-cv-1138
                                                      (GLS/DEP)

         **v.**

**O'CONNELL, M.D.,** et al.,

                **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Tommy Crosby
Pro Se
92-A-8525
Wende Correctional Facility
P.O. Box 1187
Albany, NY 14004

**FOR THE DEFENDANTS:**
HON. ANDREW M. CUOMO        DAVID L. COCHRAN
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Pro se plaintiff Tommy Crosby, an inmate at Wende Correctional Facility, brings this action under 42 U.S.C. § 1983, alleging that his medical providers[1] violated his Eighth and Fourteenth Amendment rights by failing to inform him for nearly ten years that he suffers from hepatitis C and by withholding appropriate treatment for his condition. (*See* Compl., Dkt. No. 1.) In addition, Crosby alleges that defendants violated his rights under the Americans with Disabilities Act (ADA),[2] the Rehabilitation Act of 1973,[3] and state tort law. (*See id.*) Defendants O'Connell, Magee, Edwards, Nesmith, Paolano, Smith, Genovese, and Wright moved for summary judgment. (Dkt. No. 60.) On February 22, 2010, Magistrate Judge David E. Peebles issued a Report and Recommendation Order (R&R) recommending that the court: (1) deny defendants' motion with respect to Crosby's Eighth

---

[1] In addition to Lester Wright, the Associate Commissioner and Chief Medical Officer for the New York State Department of Correctional Services (DOCS), defendants include Crosby's medical providers at various facilities: Dr. O'Connell, Physician Assistant Robert Magee, Dr. Robert Takos, and Dr. Thomas Edwards at Attica; Physician Assistant Ted Nesmith, Dr. Albert Paolano, and Dr. William Smith at Great Meadow; and Dr. Anthony Forte and Dr. Maryann Genovese at Shawangunk.

[2] 42 U.S.C. § 12101, *et seq.*

[3] 29 U.S.C. § 794, *et seq.*

2

Amendment deliberate medical indifference claim; (2) deny defendants' motion based on the statute of limitations; (3) dismiss Crosby's state law claims; and (4) dismiss Crosby's claims against defendants Takos and Forte in accordance with Rule 4(m). (Dkt. No. 70.) Pending are the parties' objections to the R&R. (Dkt. No. 75, 76.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In cases in which no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

## III. Discussion

### A. Eighth Amendment Claim

Judge Peebles found that Crosby's Eighth Amendment claim

3

satisfied both the objective and subjective requirements of a deliberate medical indifference claim. (*See* R&R at 23, Dkt. No. 70.)

The standard for an Eighth Amendment claim based on deliberate indifference includes both an objective and subjective prong. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To satisfy the objective prong, an alleged deprivation must be "sufficiently serious." *See id.* This means a condition of urgency that may lead to death, degeneration, or extreme pain. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Factors to consider include: (1) whether the condition significantly impairs a plaintiff's daily activities; (2) whether the condition has caused a plaintiff severe or chronic pain; (3) worsening of the condition due to lack of treatment; and (4) whether a reasonable doctor or patient would find the injury important and worthy of comment or treatment. *See Chance v. Armstrong*, 143 F.3d 698, 701-02 (2d Cir. 1998).

The subjective prong requires more than negligence by a defendant. *See Hathaway*, 37 F.3d at 66. Rather, a defendant must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* (internal quotation marks and citation omitted). For example, a prison official's conscious delay or failure to treat an inmate's serious medical condition "as

4

punishment or for other invalid reasons" would satisfy the subjective prong. *See Harrison v. Barkley*, 219 F.3d 132, 138 (2d Cir. 2000) (internal quotation marks, emphasis, and citations omitted).

Here, as to the objective prong, Crosby outlined the effects of failure to treat hepatitis C, including fibrosis, cirrhosis, and liver cancer. (*See* Compl. ¶¶ 35-43, Dkt. No. 1.) Crosby also alleged that throughout the nine years that he was undiagnosed with hepatitis C, he suffered from various symptoms associated with the virus, including decreased appetite, fatigue, abdominal pain, and flu-like symptoms. (*See id.* at ¶¶ 53, 60, 67, 71, 76, 79.) In reliance on defendant Dr. Maryann Genovese's declaration, defendants assert that Crosby suffered no life-threatening symptoms of hepatitis C and had not suffered severe pain, deterioration of health, or permanent disability. (*See* Defs. Objections at 1-2, Dkt. No. 75.) Nontheless, the seriousness and worsening of Crosby's medical condition remain triable issues of fact.

Regarding the subjective prong, Judge Peebles found that summary judgment was not warranted with respect to defendants' deliberate indifference to Crosby's condition. (*See* R&R at 22-23, Dkt. No. 70.) Specifically, Judge Peebles noted that defendants fail to counter Crosby's

5

assertions that "[where treatment for hepatitis C] is delayed, it becomes less effective because chronic [h]epatitis C causes increased fibrosis, or scarring, of liver tissue and eventually cirrhosis of the liver." (*Id.* at 23 (internal quotation marks and citation omitted).) Moreover, defendants do not dispute that they were aware of Crosby's condition and failed to provide treatment for that specific condition. Defendants also fail to address Crosby's contention that his Hepatitis C remained untreated due to a DOCS medical policy that encouraged withholding treatment to inmates with Hepatitis C to avoid costs. (*See* Compl. ¶¶ 104-05, Dkt. No. 1.) Accordingly, questions remain as to the existence of an alleged policy-driven motive for withholding treatment and whether defendants consciously disregarded Crosby's health.

Therefore, the court agrees with Judge Peebles that factual questions remain as to Crosby's Eighth Amendment claim, and therefore denies summary judgment on Crosby's Eighth Amendment claim.

## B.     Statute of Limitations

Judge Peebles also recommended that the court deny defendants' motion for summary judgment on untimeliness grounds. (*See* R&R at 26, Dkt. No. 70.) Judge Peebles explained that the timeliness of Crosby's

6

claim cannot be determined without considering whether defendants had fraudulently concealed the cause of action. (*See id.* at 25.) Crosby asserts that defendants concealed his condition and therefore the statute of limitations did not begin running until approximately February 2006. (*See* Pl. Mem. of Law at 9-11, Dkt. No. 63:2.) In their objections, defendants claim that Crosby was sent written notification of his positive hepatitis C test on November 9, 2004. (*See* Defs. Objections at 2, Dkt. No. 75.)

Although the statute of limitations governing § 1983 claims in New York State is three years, a § 1983 claim does not ordinarily accrue until "the plaintiff knows or has reason to know of the harm." *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (internal quotation marks and citation omitted). In cases of fraudulent concealment, "where the defendant conceals from the plaintiff the fact that he has a cause of action," New York applies the doctrine of equitable estoppel to preclude defendants from asserting a defense based on the statute of limitations. *See Pearl v. City of Long Beach*, 296 F.3d 76, 82 (2d Cir. 2002) (internal question marks and citations omitted). In the present case, as Judge Peebles correctly pointed out, questions of fact remain as to whether defendants concealed Crosby's condition from him and whether Crosby had reason to know about

the alleged harm before February 2006. Accordingly, the court adopts the portion of the R&R denying defendants' motion as to timeliness.

**C.   ADA and Rehabilitation Act Claims**

Regarding the claims brought under the ADA and the Rehabilitation Act, Judge Peebles concluded that defendants' motion did not seek summary judgment on these claims and therefore declined to address their sufficiency. (R&R at 10, n.8, Dkt. No. 70.) In their objections to the R&R, defendants assert that liability under the ADA and the Rehabilitation Act does not extend to individuals. (*See* Defs. Objections at 3, Dkt. No. 75.) They argue that because the state is not a defendant, the court should dismiss Crosby's claims under each Act. (*Id.*) Ordinarily, courts hesitate to consider new arguments or evidence presented in a summary judgment reply brief. *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1163-64 (10th Cir. 1998). However, because the law may preclude the court from exercising jurisdiction over Crosby's claims, the court will consider defendants' arguments for summary judgment on these grounds.    The court agrees with defendants that Crosby is barred from bringing claims against them in their individual capacities. *See Andino v. Fischer*, 698 F. Supp. 2d 362, 380 (S.D.N.Y. 2010); *Herzog v. McLane Northeast*, 999 F.

8

Supp 274, 276 (N.D.N.Y. 1998).  Still, the ADA and the Rehabilitation Act do not prohibit Crosby from bringing an action for injunctive and declaratory relief against state officers in their official capacities.  *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 287-88 (2d Cir. 2003).  However, "an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (citing *Young v. Coughlin*, 866 F.2d 567, 568 n.1 (2d Cir. 1989), and *Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976)).  Aside from defendant Wright, who is the Associate Commissioner and Chief Medical Officer of DOCS, any injunctive or declaratory claims against defendants O'Connell, Magee, Edwards, Nesmith, Paolano, Smith, Genovese, Takos, and Forte would be moot since none of them work at Wende Correctional Facility.  Consequently, since he can seek injunctive and declaratory relief only against Wright, Crosby's claims for such relief under the ADA and the Rehabilitation Act against defendants O'Connell, Magee, Edwards, Nesmith, Paolano, Smith, Genovese, Takos, and Forte are dismissed.

**D.** **State Law Claims**

As to Crosby's state law claims, the court accepts Judge Peebles's

recommendation to grant summary judgment. "A violation of state law or regulation, in and of itself, does not give rise to liability under 42. U.S.C. § 1983." *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 482 (N.D.N.Y. 2009). Rather, "[r]elief under 42 U.S.C. § 1983 is premised upon a showing, first, that the defendant has denied the plaintiff a constitutional or federal statutory right." *Fluent v. Salamanca Indian Lease Auth.*, 847 F. Supp. 1046, 1056 (W.D.N.Y. 1994). Here, Crosby's claims based on "torts of intentional and gross negligence," (Compl. ¶¶ 106-07, 109-10, Dkt. No. 1), do not pertain to federal rights. In addition, although the court may exercise supplemental jurisdiction over these claims, New York law "shields employees of a state correctional facility from being called upon to personally answer a state law claim for damages based on activities that fall within the scope of the statute." *Ierardi v. Sisco*, 119 F.3d 183, 186-87 (2d Cir. 1997) (citing, inter alia, *Baker v. Coughlin*, 77 F.3d 12, 14-15 (2d Cir. 1996)); *see also* N.Y. CORRECT. LAW § 24(1). This is so "whether the action is pursued in a state court or, under pendent jurisdiction, in a federal court." *Ierardi*, 119 F.3d at 187. Accordingly, the court adopts Judge Peebles's recommendation and grants summary judgment on Crosby's state law claims.

10

**E.     Rule 4(m)**

Finally, Judge Peebles recommended that the claims against defendants Takos and Forte should be dismissed pursuant to FED. R. CIV. P. 4(m).  (*See* R&R at 34, Dkt. No. 70.)  The court concurs.  While Rule 4 provides a 120-day limit for serving a defendant, a court may extend that limit for good cause.  *See* FED. R. CIV. P. 4(m); *see also Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007).  Importantly, a pro se plaintiff is entitled to rely on the U.S. Marshal to effect service of process.  *See Romandette v. Weetabix Co.*, 807 F.2d 309, 310 (2d Cir. 1986).  If a pro se plaintiff provides information identifying a defendant, the U.S. Marshal's failure to effect service constitutes good cause to extend the limit.  *See id.* at 311.  In the present case, over two years have elapsed since Judge Siragusa granted Crosby's in forma pauperis status.[4]  (*See* Dkt. No. 7.)  Moreover, Crosby has neither requested an extension of the service of process deadline nor objected to Judge Peebles's recommended dismissal.  Therefore, the court concurs with Judge Peebles's recommendation and dismisses Crosby's claims against Takos and Forte.

---

[4] The 120-day period does not begin to run against a pro se plaintiff until a court renders a decision regarding the plaintiff's in forma pauperis application.  *See Romand v. Zimmerman*, 881 F. Supp. 806, 809-10 (N.D.N.Y. 1995).

11

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles's February 22, 2010 Report and Recommendation (Dkt. No. 70) is **ADOPTED** in its entirety as follows:

1. Defendants' motion for summary judgment (Dkt. No. 60) is **DENIED** as to Crosby's Eighth Amendment claim;

2. Crosby's claims under the ADA and the Rehabilitation Act against the defendants in their individual capacities are **DISMISSED**;

3. Crosby's ADA and Rehabilitation Act claims against defendants O'Connell, Magee, Edwards, Genovese, Paolano, Smith, Nesmith, Takos, and Forte in their official capacities are **DISMISSED**;

4. Crosby's ADA and Rehabilitation Act claims for monetary damages against defendant Wright in his official capacity are **DISMISSED**;

5. Defendants' motion for summary judgment is **DENIED** as to Crosby's ADA and Rehabilitation Act claims for declaratory and

injunctive relief against defendant Wright in his official capacity;

6. Crosby's state law claims are **DISMISSED**; and

7. Crosby's claims against defendants Takos and Forte are **DISMISSED** pursuant to FED. R. CIV. P. 4(m); and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2010
Albany, New York

_____
United States District Court Judge